# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NOCO COMPANY, | ) | CASE NO. 1:19-cv-693 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| MICHAEL SIMPSON dba | ) | |
| SIMPSOPRODUCTS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

The complaint in this action was filed on March 29, 2019. There is no indication on the docket that service of the complaint has been perfected upon defendant. On September 10, 2020, the Court issued an order directing plaintiff to show cause why this action should not be dismissed without prejudice for failure to perfect service upon defendant within ninety (90) days as required by Fed. R. Civ. P. 4(m). (Doc. No. 15.)

Fed. R. Civ. P. 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period[.]"

Rule 4(m) directs the Court to undertake a two-part analysis. First, the Court must determine whether plaintiff has shown good cause for the failure to effect timely service. If it has, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). But, if plaintiff has not shown good cause, the Court must either (1) dismiss the action without

prejudice, or (2) direct that service be effected within a specified time. *Warrior Imports, Inc. v. 2 Crave*, 317 F.R.D. 66, 69 (N.D. Ohio 2016) (citing *Henderson v. United States,* 517 U.S. 654, 663, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996) (the 1993 amendments to the Federal Rules give the court discretion to enlarge the 120 day period even if there is no good cause shown); *Osborne v. First Union Nat'l Bank of Del.,* 217 F.R.D. 405, 408 (S.D. Ohio 2003) (citation omitted)).

Plaintiff has neither responded to the Court's show cause order nor provided proof of service upon defendant. Thus, plaintiff has not established good cause for failing to perfect service upon defendant in accordance with Rule 4(m). And given plaintiff's failure to respond to the Court's show cause order in any way, the Court declines to extend the period for service but instead exercises its discretion to dismiss this action without prejudice.

Accordingly, this action is dismissed in accordance with Rule 4(m).

**IT IS SO ORDERED**.

Dated: October 5, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**